NORTH AMERICAN MERCANTILE CO. *v.* UNITED STATES

**No. 7524.**—Invoices dated Yokohama, Japan, August 23, 1935, etc.
   Certified August 23, 1935, etc.
   Entered at San Francisco, Calif., September 10, 1935, etc.
   Entry Nos. 2651; 7307.

Second Division, Appellate Term

(Decided February 2, 1948)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the appellant.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector* and *Daniel I. Auster*, special attorneys), for the appellee.

Before TILSON, KINCHELOE, and EKWALL, Judges

KINCHELOE, Judge: This application for a review of the decision and judgment of the trial court was filed under the provisions of section 501 of the Tariff Act of 1930, and covers only the two reappraisement numbers listed above. The merchandise involved consists of canned clams imported from Japan in 1935 and 1937 and entered at the port of San Francisco, Calif. The merchandise was appraised on the basis of American selling price, section 402 (g) of the Tariff Act of 1930.

During the trial of the case counsel for appellant made a motion that the "court find export value as the proper dutiable value because the appraisements are void." The trial court disposed of this motion in the following language:

I am, however, unable to grant the motion of counsel for the plaintiffs that the "court find export value" in these cases. Under the state of the law, as I understand it to have existed at the time the appraisements herein were made, and which I believe binds me in these cases, upon a showing that the appraisements were void, it is the court's duty so to declare, and under the circumstances of these cases at the present stage there is no authority for the court to find values. *United States* v. *Daniel F. Young, Inc.*, 27 C. C. P. A. 124, at page 131, C. A. D. 73. See also in this connection the decision of the third division of this court in the *North American Mercantile Co.* case reported in 13 Cust. Ct. at page 409, *supra*, wherein the precise question was discussed by the division and decided adversely to the

plaintiff's contention. The motion made by counsel for the plaintiffs is therefore denied, and judgment will issue declaring the appraisements made in the cases of reappraisements 119523–A and 122063–A to have been null and void *ab initio*.

Both the facts in this case and the law on the subject amply support the conclusion reached by the trial court, and its judgment in this respect is accordingly affirmed.

As supporting its contention herein that the trial court should find values for the imported merchandise, notwithstanding the fact that the appraisements were null and void *ab initio*, counsel for appellant quotes from *E. O. Spindler* v. *United States*, Reap. Circular 2372, which decision was rendered by the writer of this opinion, as follows:

> Merchandise appraised by the local appraiser prior to the final appraisement in the test or pending case is not subject to appraisement prior to the final decision in the test case, and that the cases herein are remanded to the collector of customs with instructions to cause the appraiser to make a legal appraisement after the final determination of the test or pending case or cases.

> This judgment is in accordance with the decision in the case of The United States *v.* Allenby & Co. et al., suit 3436 (not yet reported) by the United States Court of Customs and Patent Appeals.

Counsel for appellant argues that the above decision, together with others cited, "definitely show that the court may direct a collector to cause an appraisement to be made in cases where none has been made," but in the next breath says that: "Directing that a valid appraisement be made is not the same as remanding for a second appraisement." As well stated by counsel for appellee in his brief filed herein: "The discussion of authorities on that point by the importer in its brief merely justifies the action of Judge Mollison."

A mere reading of the authorities on the subject clearly demonstrates the soundness of the statements made and the conclusion reached by this court in the *Spindler* case, *supra*. Likewise a perusal of the authorities on the subject also discloses the unsoundness of the contentions made by counsel for appellant that this court should find a value for this merchandise, notwithstanding the fact that the appraisements are null and void *ab initio*.

The evidence in this case is so conclusive and the authorities governing the facts are so numerous, convincing, and uniform that it would serve no good purpose to extend this opinion by a further discussion of the evidence and arguments presented. In a well-considered opinion the trial court reached the conclusion that the appraisements were null and void because of a failure of the appraiser to examine the statutory number of packages of the merchandise. The judgment of the trial court in this respect is amply supported by both the facts and the law, and its judgment is accordingly affirmed.